# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN A. WILLIAMS,<br>TDCJ #1347966, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3083 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Brian A. Williams (TDCJ #1347966) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a felony conviction from Montgomery County for unlawful possession of a firearm as a felon. The respondent has filed a motion for summary judgment, arguing that Williams is not entitled to relief [Doc. # 9]. Williams has filed a reply [Doc. # 10] . After reviewing all of the pleadings, the state court records, and the applicable law, the court will grant the respondent's motion and dismiss this case for reasons set forth below.

## I.   BACKGROUND

A Montgomery County grand jury returned an indictment against Williams in cause number 14-04-03806-CR, charging him with unlawful possession of a firearm as a felon in violation of § 46.04(a)(1) of the Texas Penal Code.[1]  That indictment, which was enhanced for purposes of punishment, alleged that Williams had two prior felony convictions for delivery of a controlled substance.[2]  The state presented evidence that Williams threatened two men (Donald Avery and Andre Francisco) while armed with a shotgun and that Williams was on parole for a prior felony when he possessed that firearm, which was recovered from his home by police.[3]  A jury in the 359th District Court for Montgomery County found Williams guilty as charged in the indictment.[4]  After finding that the enhancement allegation was true, the trial court sentenced Williams to 10 years' imprisonment.[5]

---

[1]    Indictment [Doc. # 8-2], at 5.

[2]    *Id.*

[3]    Court Reporter's Record, vol. 3 [Doc. # 8-6], at 16-35, 59-67, 83-89, 118-34.

[4]    Verdict of the Jury [Doc. # 8-2], at 33.

[5]    Judgment of Conviction by Jury [Doc. # 8-2], at 34.  An amended judgment was subsequently entered to correct a typographical error.  *See* Motion for Judgment Nunc Pro Tunc [Doc. # 8-24], at 107;  Nunc Pro Tunc Judgment of Conviction by Jury [Doc. # 8-24], at 108.

On direct appeal, Williams argued that the trial court erred by not allowing his defense counsel to question potential jurors during voir dire about the defense of necessity and by refusing his requested jury instructions on necessity and self-defense.[6] An intermediate court of appeals rejected both arguments after summarizing the evidence presented at trial. *See Williams v. State*, No. 09-14-00217-CR, *1-4 (Tex. App. — Beaumont July 15, 2015). Williams did not pursue a petition for discretionary review with the Texas Court of Criminal Appeals.

Williams challenged his conviction further by filing an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.[7] In that application, Williams argued that the shotgun seized from his home should have been suppressed because police officers illegally retrieved the weapon after entering his residence without a warrant or valid consent in violation of the Fourth Amendment.[8] Williams argued that he was denied effective assistance of counsel because his defense attorney failed to raise this argument at trial and failed to adequately cross-examine the state's primary witness against him.[9] Williams argued

---

[6]    Appellant's Brief [Doc. # 8-14], at 3 [Doc. # 8-15], at 4.

[7]    Application for State Writ of Habeas Corpus [Doc. # 8-24], at 6-22.

[8]    *Id*. at 19.

[9]    *Id.* at 11-14.

3

further that his appellate lawyer was deficient for failing to raise a Fourth Amendment argument on appeal.[10] After considering the entire record, the state habeas corpus court entered findings of fact and conclusions of law, recommending that relief be denied.[11] The state habeas corpus court concluded, in particular, that Williams's challenge to the search was procedurally barred by his failure to raise that issue on direct appeal and that his ineffective-assistance allegations were without merit.[12] The Texas Court of Criminal Appeals agreed and denied relief without a written order on the trial court's written findings.[13]

Williams now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction for unlawful possession of a firearm. He raises essentially the same claims that were rejected on state habeas corpus review.[14] The respondent moves for summary judgment, arguing that the petition must be dismissed because Williams is not entitled to relief. The parties' arguments are addressed below under the federal habeas corpus standard of review.

---

[10] *Id.* at 15-16.

[11] Findings of Fact and Conclusions of Law [Doc. # 8-24], at 74-77.

[12] *Id.*

[13] Action Taken on Writ No. 85,671-01 [Doc. # 8-22], at 1.

[14] Petition [Doc. # 1], at 6-7.

## II.  STANDARD OF REVIEW

To the extent that the petitioner's claims were adjudicated on the merits on state habeas corpus review, the petition is subject to the legal standard found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d).  Under the AEDPA standard, a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); *see also Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, — U.S. —, 134 S. Ct. 1697, 1702 (2014)).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The AEDPA standard "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)); *see also White*, 134 S. Ct. at 1702. The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision. *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, — U.S. —, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). Thus, a federal habeas corpus court's inquiry is not altered where the state court denies relief without a written opinion. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings. *See Garcia v. Quarterman*, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)). Where a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, — U.S. —, 135 S. Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id*.

## III.   DISCUSSION

### A.   Claims Under the Fourth Amendment

Williams's primary claim is that police officers unlawfully entered his home and retrieved his shotgun without a warrant or valid consent in violation of the Fourth Amendment, which prohibits unreasonable searches and seizures.[15]   Williams concedes that his "girlfriend" gave permission for officers to enter the home, but he argues that she was not authorized to give consent for a search because she did not actually live there and was only "an occasional sleep over."[16]   When Williams attempted to assert this argument on collateral review, the state habeas corpus court concluded that it was "not cognizable" as the result of his failure to present this record-based claim on direct appeal.[17]

As discussed further below, the record shows that Williams's trial attorney argued that police officers lacked consent to enter the residence and that the search was unlawful, but his appellate lawyer did not raise this issue on direct appeal, bypassing the opportunity to litigate the issue further.  The respondent argues that this claim is barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 494

---

[15]     Petition [Doc. # 1], at 7.

[16]     *Id.*

[17]     Findings of Fact and Conclusions of Law [Doc. # 8-24], p. 76.

(1976), which held that federal habeas review is not available for a Fourth Amendment claim where the defendant had an opportunity to litigate the issue in state court. The respondent argues, alternatively, that review is barred by the doctrine of procedural default because the last state court to consider the issue concluded that the claim was barred as the result of Williams's failure to challenge the search and seizure of the shotgun on direct appeal.

The Court agrees that federal review of Williams's Fourth Amendment claim is barred under *Stone v. Powell* and for purposes of the doctrine of procedural default for reasons elaborated by the respondent. In the interest of judicial economy and efficiency, however, the court pretermits an extended discussion of these issues because, as discussed further below in connection with Williams's ineffective-assistance claims, he does not establish that a violation of the Fourth Amendment occurred.

### B. Ineffective Assistance of Counsel

Williams argues that he was denied effective assistance of counsel at trial and on direct appeal because his attorney failed to argue that the police lacked valid consent to enter his home and seize his shotgun.[18] Williams argues further that his trial attorney was constitutionally ineffective for failing to adequately cross-examine

---

[18] Petition [Doc. # 1], at 6.

the state's primary witness against him.[19]  These allegations were rejected by the state habeas corpus court and the Texas Court of Criminal Appeals on state collateral review.[20]

As the state habeas corpus court correctly noted, a criminal defendant's ineffective-assistance claim is analyzed under the clearly establish standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See id.* at 687.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Id.*  Thus, the failure to demonstrate deficient performance or prejudice is fatal to an ineffective-assistance claim.  *See id.* at 683;  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was

---

[19]     *Id.*

[20]     Findings of Fact and Conclusions of Law [Doc. # 8-24], p. 76 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

the product of reasoned trial strategy. *Id*. at 690. To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id*. However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. at 691. To establish the requisite prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Because the petitioner's ineffective-assistance claim was rejected on state habeas review, the central question is not whether this Court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was *unreasonable* — a substantially higher standard.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (emphasis added). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* When applied together with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review. *Knowles*, 556 U.S. at 123; *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by

*Strickland* and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted); *Beatty v Stephens*, 759 F.3d 455, 463 (5th Cir. 2014) (same). Thus, the state court's decision must be upheld on federal habeas review if there is any "reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

### (a)    Failure to Raise a Fourth Amendment Claim

Williams argues that the shotgun retrieved from his residence was unlawfully seized in violation of the Fourth Amendment because officers did not have a warrant and his girlfriend lacked authority to give consent for a search.[21] Williams contends, therefore, that his trial attorney was deficient for failing to raise a meritorious motion to suppress under the Fourth Amendment and that his appellate attorney was also deficient for failing to raise the same argument on direct appeal.[22]

An attorney's failure to file a motion to suppress or to adequately litigate a Fourth Amendment claim may constitute deficient performance if the evidence would have been suppressed as a result of the motion. *See Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005). The petitioner bears the burden of proving that the evidence admitted at his trial would have been suppressed as a result of an adequate motion or

---

[21]    Petition [Doc. # 1], at 6-7.

[22]    *Id.* at 6.

objection by his counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Williams does not meet that burden here.

Defense counsel argued before the start of trial that the shotgun retrieved from Williams's home was inadmissible and the trial court carried over that issue for consideration during the state's case-in-chief.[23] During that proceeding, Officer Jose Herrera and Sergeant James Kelemen of the Conroe Police Department testified that they went to Williams's home to investigate Donald Avery and Andre Francisco's report that a man, who they identified as Williams, threatened them with a shotgun because he believed they were trespassing.[24] Williams admitted to Officer Herrera that he had a confrontation with Avery and Francisco, who were trespassing on his family's property, and Williams also admitted possessing a shotgun, which reportedly belonged to a relative.[25] The officers determined that Williams was on parole for a felony conviction and was not allowed to possess a firearm.[26] While Officer Herrera spoke to Williams, Sergeant Kelemen asked Williams's fiancé, Loretta Hernandez, if

---

[23] Court Reporter's Record, vol. 2 [Doc. # 8-5], at 5-7; Court Reporter's Record, vol. 4 [Doc. # 8-7], at 6-10, 31.

[24] Court Reporter's Record, vol. 3 [Doc. # 8-6], at 65-67, 119-21.

[25] *Id.* at 65-67; Court Reporter's Record, vol. 4 [Doc. # 8-7], at 19-25.

[26] Court Reporter's Record, vol. 3 [Doc. # 8-6], at 128-31.

they could go inside the home so that he could speak with her alone.[27]  Hernandez,

who told Kelemen that she lived at the home, consented to let him into the residence.[28]

Kelemen retrieved the shotgun after Hernandez voluntarily showed him where it was

hidden.[29]  The officers' conversations with Williams and Hernandez were recorded in

audio and video by a "body-cam."[30]

Defense counsel attacked the validity of the search, noting that the officers did

not obtain a warrant or request consent from Williams, but Sergeant Kelemen insisted

that Hernandez told him she lived at the house and gave permission for him to enter

before she voluntarily showed him where the shotgun was located.[31]  The trial court

ultimately denied the motion to suppress, noting that defense counsel failed to timely

reassert his objection when the shotgun was admitted and concluding in the alternative

that the officer who recovered the weapon had consent to enter the premises.[32]

Nevertheless, the trial court granted defense counsel's request for a jury instruction

on the issue of whether consent was validly given for the search and defense counsel

---

[27]     *Id*. at 122, 130.

[28]     *Id*. at 131-32, 137, 146-47.

[29]     *Id.* at 123-24, 131-32.

[30]     *Id*. at 74-80, 139, 142; Court Reporter's Record, vol. 4 [Doc. # 8-7], at 22.

[31]     Court Reporter's Record, vol. 3 [Doc. # 8-6], at 135-43.

[32]     Court Reporter's Record, vol. 4 [Doc. # 8-7], at 6-9.

argued in his summation that the search was unlawful because Hernandez lacked authority to permit entry into Williams's home.[33]  The jury disregarded all of defense counsel's arguments and found Williams guilty as charged.

The state habeas corpus court, which also presided over Williams's trial, found that Williams and the assertions of fact offered in support of his Fourth Amendment claim were "not credible."[34]  The state court found as a matter of fact that a woman who called herself "[Williams's] fiancé voluntarily allowed officers to go inside the residence she shared with [Williams], and she voluntarily directed officers to the location of the shotgun."[35]  The state court concluded further that "[a]mple evidence from several credible sources established that [Williams] held a shotgun despite being on felony parole; therefore, the recovery of the firearm itself was not required to

---

[33]     Charge to the Jury [Doc. # 8-2], at 30; Court Reporter's Record, vol. 4 [Doc. # 8-7], at 31, 47-50.  Under Texas law, a defendant may raise the issue of whether there was valid consent to a search in the jury charge and let the jury decide whether the evidence should be disregarded or suppressed.  *See* Tex. Code Crim. Proc. art. 38.23(a); *see also* Defendant's Ex. 5, Requested Instruction Regarding Consent to Search [Doc. # 3], at 14.

[34]     Findings of Fact and Conclusions of Law [Doc. # 8-24], at 75.

[35]     *Id.*

secure a conviction."[36]  As a result, the state court concluded that Williams was not

denied effective assistance of counsel in violation of the Constitution.[37]

Credibility findings, such as those made by the state habeas corpus court with

respect to Williams's allegations, are entitled to substantial deference on federal

habeas review.  *See Coleman v. Quarterman*, 456 F.3d 537, 541 (5th Cir. 2006) (citing

*Guidry v. Dretke*, 397 F.3d 306, 326 (5th Cir. 2005)).  It is well established that a state

court's factual findings and credibility determinations are presumed correct for

purposes of federal habeas corpus review unless they are rebutted with "clear and

convincing evidence." 28 U.S.C. § 2254(e)(1); *Valdez v. Cockrell*, 274 F.3d 941, 947

(5th Cir. 2001); *see also Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014) ("The

presumption [of correctness] is especially strong when the state habeas court and the

trial court are one in the same.")  (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th

Cir. 2000)); *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996) ("The presumption is

particularly strong where, as here, the habeas court was the same court that presided

over the trial.").

Williams presents no evidence to rebut the state court's finding that his fiancé

occupied the residence and gave valid consent for police to enter.  Absent clear and

---

[36]    *Id.*

[37]    *Id.* at 76 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

convincing evidence to the contrary, the state court's fact findings are presumed correct. Williams does not otherwise establish that Hernandez lacked authority to allow Sergeant Kelemen entry into the home or that a Fourth Amendment violation occurred. *See Fernandez v. California*, 134 S. Ct. 1126, 1132-36 (2014) (consent by one occupant of a jointly shared residence is sufficient to justify a warrantless search unless the cotenant is physically present and unequivocally refuses consent); *see also Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) (observing that the warrantless search of a home "is reasonable if undertaken with the consent of a resident, and remains lawful when officers obtain the consent of someone who reasonably appears to be but is not in fact a resident") (citing *Illinois v. Rodriguez*, 497 U.S. 177, 183-86 (1990)). Absent a showing that his counsel had a valid objection or motion to make, Williams fails to show that his defense attorney was deficient.

Even if counsel was somehow deficient, Williams does not establish prejudice because, as the state habeas corpus court observed, his conviction did not depend on evidence of the shotgun seized from his residence. As noted above, Donald Avery testified that Williams pointed the shotgun at him and Andre Francisco in a threatening manner and Williams admitted to Officer Hernandez that he had been in possession of a shotgun while on felony parole. Based on this record, Williams does not establish that the result of his trial would have been any different, but for the

shotgun found at his house. Likewise, Williams fails to show that he would have prevailed if his attorney had raised the issue on appeal. Because Williams does not demonstrate deficient performance or actual prejudice, he does not show that the state court's conclusion on this issue was unreasonable. Therefore, he is not entitled to relief on his claim concerning trial and appellate counsel's failure to raise a Fourth Amendment argument.

### (b) Failure to Impeach a Witness

Williams contends that his trial attorney was deficient for failing to adequately cross-examine the state's "key witness" with a prior inconsistent statement.[38] Williams does not identify any particular witness and he provides no details about the content of the statement at issue.[39] His conclusory allegation is insufficient to establish either deficient performance or actual prejudice. *Day v. Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009) (citing *United States v. Irby*, 103 F.3d 126 (5th Cir. 1996) (unpublished) (denying ineffective assistance claim based on counsel's failure "to adequately cross-examine a number of government witnesses" because petitioner "fail[ed] to set forth . . . the possible impact of any additional cross-examination")). The state habeas corpus court reached the same conclusion, finding that Williams

---

[38]     Petitioner's Memorandum of Law in Support of his 2254 [Doc. # 3], at 4-5.

[39]     See id.; Petition [Doc. # 1], at 6; Petitioner's Traverse to the Return [Doc. # 10], at 1-5.

failed to show that his trial counsel had any basis to impeach the state's key witness (Donald Avery).[40]  Williams does not show that the state court's conclusion was unreasonable and he does not otherwise establish that he is entitled to relief on this claim.  Because Williams does not raise any valid ground for relief in this case, the respondent is entitled to summary judgment and the federal habeas corpus petition must be denied.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*,

---

[40]    Findings of Fact and Conclusions of Law [Doc. # 8-24], at 75.

537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 9] is **GRANTED**.

2. The federal habeas corpus petition filed by Brian A. Williams [Doc. # 1] is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____August 22nd_____, 2017.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE